**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

COREY EVAN VONBERG,

Petitioner–Appellant,

v.

STEVEN TURLEY, Warden,

Respondent–Appellee.

No. 11-4048
(D.C. No. 2:09-CV-01027-DB)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Corey Vonberg seeks a certificate of appealability ("COA") to appeal the denial of

his 28 U.S.C. § 2254 habeas petition.  For substantially the same reasons as the district

court, we deny a COA.

**I**

Vonberg was convicted in Utah state court on four counts of forcible sodomy on a

child and sentenced to twenty years' to life imprisonment.  He filed a direct appeal and a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

petition for certiorari to the Utah Supreme Court, both of which were unsuccessful. Vonberg then filed a § 2254 petition asserting four claims: (1) the trial court unconstitutionally denied him the right to confront a witness about the witness' criminal history; (2) the trial court violated his Fifth and Fourteenth Amendment rights by questioning jurors about their views of homosexuality during voir dire; (3) trial counsel was ineffective for failing to move for a mistrial after jurors heard evidence relating to a later-dismissed charge; and (4) trial counsel was ineffective for questioning jurors about homosexuality during voir dire. The district court dismissed the first three claims as procedurally defaulted. It rejected Vonberg's fourth claim on the merits.

## II

Vonberg may not appeal the denial of his § 2254 petition without a COA. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To meet this standard, Vonberg must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). When the district court denies a claim on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." Id.

## A

We agree with the district court that Vonberg's first three claims are procedurally defaulted. "Claims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." Smith v. Workman, 550 F.3d 1258, 1274 (10th Cir. 2008). Under Utah law, a prisoner is not eligible for post-conviction relief "upon any ground that . . . was raised or addressed at trial or on appeal [or] . . . could have been but was not raised at trial or on appeal." Utah Code § 78B-9-106(1).

Vonberg argued in his direct appeal that he should have been permitted to question a witness about that witness' criminal history as a matter of state evidence law. But he did not present this issue as implicating federal constitutional law. His federal claim is thus procedurally barred. See Hale v. Gibson, 227 F.3d 1298, 1327 (10th Cir. 2000) (presentation of similar state law claim does not preserve federal constitutional issue). Vonberg's second issue, the court's questioning of jurors about their views on homosexuality, was rejected on procedural grounds by the Utah Court of Appeals. The court applied Utah's rule that "where a party affirmatively expresses to the trial court his assent to the composition of the jury, that party cannot challenge the composition of the jury on appeal." State v. Lee, 128 P.3d 1179, 1183 (Utah 2006). And the Utah Court of

Appeals dismissed Vonberg's third claim based on inadequate briefing.  See State v.

Sloan, 72 P.3d 138, 141-42 (Utah Ct. App. 2003) (under Utah R. App. P. 24, issues

inadequately briefed will not be considered).

Vonberg does not take issue with the district court's conclusion that his first three

claims are procedurally defaulted.   Instead, he argues that he established cause and

prejudice sufficient to excuse the procedural default.  "Cause for a procedural default can

exist when some objective factor external to the defense impeded counsel's efforts to

comply with the State's procedural rule."  Scott v. Mullin, 303 F.3d 1222, 1228 (10th Cir.

2002).  But Vonberg merely reargues the merits of his claims; he does not contend that

some external factor interfered with counsel's ability to present on direct appeal the

issues he now seeks to argue.  Accordingly, Vonberg has not shown cause to excuse his

procedural default.

In addition, Vonberg asserts that his procedural default should be excused to avoid

a fundamental miscarriage of justice.  Although the miscarriage of justice exception may

permit a habeas petitioner to present an unexhausted claim, the exception "is a markedly

narrow one, implicated only in extraordinary cases where a constitutional violation has

probably resulted in the conviction of one who is actually innocent."  Magar v. Parker,

490 F.3d 816, 820 (10th Cir. 2007) (quotation and alteration omitted).  A claim of actual

innocence must be supported by "new reliable evidence . . . that was not presented at

trial" and a petitioner must show that it is "more likely than not that no reasonable juror

- 4 -

would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). Vonberg has not satisfied this standard.

**B**

Vonberg's only properly exhausted claim concerns trial counsel's alleged ineffectiveness for questioning jurors about their views on homosexuality. To prevail on this claim, Vonberg must show that the state courts' adjudication of his claim either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2).

A petitioner claiming ineffective assistance of counsel must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The Utah Court of Appeals cited this familiar standard and held that counsel's actions could be considered sound trial strategy—an attempt to "ferret out a juror's bias or discomfort before selecting the juror." The Utah Supreme Court denied certiorari without comment. Under these circumstances, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

Vonberg has not met this standard. He has not rebutted the "strong presumption

that . . . the challenged action might be considered sound trial strategy." <u>Strickland</u>, 466 U.S. at 689 (quotation omitted). Counsel may have believed it best to uncover and strike biased jurors by inquiring into jurors' views of homosexuality. The state court's adjudication of this claim was not unreasonable.

## III

We **DENY** Vonberg's request for a COA and **DISMISS** the appeal. Vonberg's request to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge